FLORINDO S. POLO, Respondent, v. HYMAN KIBRICK et al., Appellants, et al., Defendants.

Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 13, 1953, in New York County, upon a verdict rendered at a Trial Term.

Judgment affirmed, with costs.

COHN, J. (dissenting). Plaintiff, a real estate broker, has obtained a verdict against appellants upon a claim based entirely on oral testimony that appellants had made an agreement with a cobroker to the effect that if a sale of appel-

lants' property was consummated by either of the brokers the sellers would pay each of the brokers one half of the commissions. The action was not instituted by plaintiff until over three years after the completion of the sale.

Upon the trial plaintiff did not produce the cobroker nor did he call the purchasers in support of his claim. From the evidence, it appears that plaintiff was one of many brokers with whom appellants had listed the property for sale, and it also appears that plaintiff was unsuccessful in his efforts to produce a purchaser. Concededly, a Mr. D. Gabor, of M. Morgenthau-Seixas Co., Inc. (hereafter called Morgenthau) a licensed broker, procured the purchasers and was paid a commission agreed upon. The overwhelming evidence shows that defendant Morgenthau acted as an independent broker and not in accordance with any purported agreement allegedly made with appellants to pay 50% of any commissions earned by Morgenthau to plaintiff. Even if it were to be assumed that appellants had knowledge of an understanding between plaintiff and Morgenthau to divide the commissions in the event of a sale procured by either, in the absence of any showing that appellants were a party to such an arrangement, plaintiff had no cause of action against appellants so long as the commissions were paid to the firm which procured the purchaser.

If plaintiff had any agreement with Morgenthau to divide commissions earned by the latter, plaintiff would only be entitled to 50% of the commissions paid to Morgenthau, to wit: 50% of $7,500. This amount would be recoverable not from appellants, but from the cobroker Morgenthau (*Jenkins* v. *Mahoney,* 142 App. Div. 653; *James & Sons* v. *Janow,* 99 N. Y. S. 2d 688).

In this setting the court was requested to charge the jury as follows: " I ask Your Honor to charge the jury that if Kibrick and Yampolsky did not agree to pay 50 per cent of the commission to plaintiff and 50 per cent of the commission to Morgenthau, plaintiff cannot recover even if Kibrick and Yampolsky had knowledge of a cobrokerage agreement between the plaintiff and Morgenthau to divide the commissions equally ". This request was refused to which an exception was duly noted. Appellants were clearly entitled to this charge.

The proof showed that in an affidavit in support of a warrant of attachment, plaintiff originally claimed that appellants merely had knowledge of the alleged cobrokerage agreement between plaintiff and Morgenthau. He did not then assert that appellants had ever made an agreement with plaintiff to pay him 50% of the commissions. That claim only came after the warrant of attachment procured by plaintiff against defendants was vacated upon the ground that the papers in support of the warrant failed to show that appellants were parties to the purported agreement between plaintiff and Morgenthau and hence were not bound thereby.

For the foregoing reasons and also because the verdict was contrary to the weight of the credible evidence, the verdict should be set aside and a new trial ordered.

Peck, P. J., Callahan and Bergan, JJ., concur in decision; Cohn, J., dissents and votes to set aside the verdict and order a new trial, in opinion in which Dore, J., concurs.

Judgment affirmed, with costs. No opinion.